UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW HAMPSHIRE


Randall Hoover et al.

      v.                               Civil No. 15-cv-367-JL
                                       Opinion No. 2016 DNH 192
Harvard Pilgrim Healthcare,
Inc., et al.


                           **MEMORANDUM ORDER**


    This insurance coverage action requires the court to apply the limitations period in a health care coverage plan. Plaintiffs Randall Hoover and Barbara Hoover sued to recover costs associated with the treatment of their son, Gary Hoover, after defendant United Behavioral Health, Inc. denied their claim under Mrs. Hoover's employer-provided health care plan. This court has jurisdiction over this matter under 28 U.S.C. § 1332 (diversity) because the plaintiffs are New Hampshire citizens, all defendants are citizens of other states, and the amount in controversy exceeds $75,000.

    The defendants have moved to dismiss the complaint, see Fed. R. Civ. P. 12(b)(6), arguing that the Hoovers' suit is time-barred by the terms of the insurance plan.  Even if it were not barred, defendants argue, the Hoovers have failed to state a claim for breach of the covenant of good faith and fair dealing. Concluding that the facts as set out by the complaint

demonstrate that plaintiffs failed to meet the plan's two-year deadline for filing a lawsuit to recover benefits, the court grants defendants' motion.

## I. Applicable legal standard

To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must state a claim to relief by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Martinez v. Petrenko, 792 F.3d 173, 179 (1st Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998). In ruling on such a motion, the court accepts as true all well-pleaded facts set forth in the complaint and draws all reasonable inferences in the plaintiff's favor. See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010). The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).

## II. **Background**

The following summary of the facts takes the approach described above, drawing all inferences in the plaintiffs' favor. Plaintiffs Randall and Barbara Hoover bring this action as next friends of their son, Gary Hoover.[1] Barbara's employer, the University System of New Hampshire, provided the Hoovers' health care benefits plan through Harvard Pilgrim.[2] By agreement with Harvard Pilgrim, UBH managed the plan's mental health and substance abuse benefits, including determining whether costs associated with Harvard Pilgrim members' use of mental health and substance abuse services would be covered by the plan.

Gary has been diagnosed with Schizotypal Personality Disorder and Alcohol Use Disorder. Upon the recommendation of his outpatient mental health service providers, Gary was admitted to WestBridge Community Services in Manchester, New Hampshire on November 1, 2012. According to the complaint, WestBridge is the only residential facility in New Hampshire

---

[1] Where necessary for clarity's sake, the court refers to the plaintiffs by their first names. No undue familiarity or disrespect is intended.

[2] The pleadings and briefing leave unclear the relative positions of defendants Harvard Pilgrim Healthcare, Inc., Harvard Pilgrim Healthcare of New England, Inc., and HPHC Insurance Co., Inc. Because those distinctions are not material to the questions raised by defendants' motion, the court refers to them collectively as Harvard Pilgrim.

3

that treats both alcohol addiction and mental health symptoms like Gary's.

Harvard Pilgrim's network of approved providers did not, however, include WestBridge.  Under the Hoovers' policy, Harvard Pilgrim would pay benefits to out-of-network providers only in emergencies or if no in-network provider offered the services required.  Before Gary was admitted, Barbara called UBH, which informed her that it would cover treatment by an out-of-network provider "[i]f a network provider is not within thirty miles of your residence . . . ."  Complaint (document no. 1-1) ¶ 30.  WestBridge's billing department also contacted UBH, and was told that UBH authorized Gary's treatment at WestBridge and that "[m]uch of the invoiced charges would be paid . . . ."  Id. ¶¶ 33, 35.

When WestBridge submitted its first invoice, however, UBH denied coverage on the grounds that Gary could obtain in-patient mental health services at Concord Hospital, an in-network provider.  Id. ¶¶ 37-38.  The plaintiffs allege that Concord Hospital could not meet Gary's needs because it provides only short-stay crisis stabilization mental health services and out-patient substance abuse services, whereas Gary's prior mental health providers determined that Gary required a long-term dual diagnosis residential service.  WestBridge can provide that

4

service but, according to the complaint, Concord Hospital cannot.  Id. ¶ 39.

Plaintiffs' policy provided for an expedited appeal process, of which the plaintiffs availed themselves.  After consulting with Gary's doctor at WestBridge, and after a review of his appeal by a consultant psychiatrist, Harvard Pilgrim affirmed the denial of benefits on November 12, 2012.

More than two years later, on February 18, 2015, the Hoovers filed their complaint in Strafford County Superior Court, asserting a single claim for breach of the covenant of good faith and fair dealing.  Defendants timely removed the action to this court.  Defendants now move to dismiss, see Fed. R. Civ. P. 12(b)(6), arguing that plaintiffs' suit is time-barred under the terms of the benefits plan and, further, that plaintiffs have failed to plead facts necessary to state a claim for relief under the implied covenant of good faith and fair dealing.

### III.  **Analysis**

When resolving a motion to dismiss based on a limitations defense, the court must consider "whether the complaint and any documents that properly may be read in conjunction with it show beyond doubt that the claim asserted is out of time."  Rodi v. S. New England Sch. of Law, 389 F.3d 5, 17 (1st Cir. 2004).  The

relevant plan provision states: "Any legal action against the Plan for failing to provide Covered Benefits must be brought within two years of the denial of any benefit."[3] Plan Handbook (document no. 7-3) at 51. At oral argument, plaintiffs conceded the enforceability of the 2-year limitation period.[4] Plaintiffs further conceded that their claim, though dressed as one for a breach of the implied covenant of good faith and fair dealing, is a "legal action against the Plan for failing to provide Covered Benefits."[5] The court therefore turns its attention to

---

[3] Plaintiffs invoke both the benefits plan itself and the defendants' November 2012 denials of their benefits in the complaint. As there is no dispute as to the authenticity of these documents, the court may properly consider them in resolving the instant motion. See Rodi, 389 F.3d at 12.

[4] Nor would the plaintiffs have much success in disputing them. Such contractual provisions are generally enforceable, as long as the foreshortened limitations period is "reasonable." Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S. Ct. 604, 610 (2013); see also Maynard v. U.S. Health & Acc. Co., 76 N.H. 275, 275 (1911) (insurance policy provision under which suits must be brought within six months after filing affirmative proof of disability was "legal and binding."). Plaintiffs do not argue that the two-year limitation is unreasonable. Indeed, limitations periods of two years or less have been found to meet that standard in the insurance context. See, e.g., Island View Residential Treatment Ctr. v. Blue Cross Blue Shield Of Mass., Inc., 548 F.3d 24, 27 (1st Cir. 2008) (two years); Heimeshoff, 134 S. Ct. at 612-13 (one year); cf. Maynard, 76 N.H. at 275 (six months).

[5] Though plaintiffs style their claim as one for a breach of the covenant of good faith and fair dealing, their objective is reimbursement of the expenses they claim ought have been covered by the Harvard Pilgrim plan. See Compl. (document no. 1-1) ¶ 42. In the ERISA context, courts have viewed such claims as benefits claims, however styled. See, e.g., Sarkisyan v. CIGNA

6

determining (1) when the limitations term began to run, and (2) whether the allegations in the complaint, construed in the plaintiffs' favor, show beyond doubt that plaintiffs filed this action after the limitations period concluded.

Under the language of the Harvard Pilgrim plan, the two-year limitations period begins after "the denial of any benefit." UBH initially denied the Hoovers' claim by letter dated November 2, 2012. The Hoovers challenged this denial through Harvard Pilgrim's internal appeal process. The Hoovers' claim was again denied, this time by Harvard Pilgrim, by letter dated November 12, 2012. Defendants argue that the limitations period accordingly began to run, at the latest, on November 12, 2012, when Harvard Pilgrim issued its "final decision on [plaintiffs'] appeal." Document no. 7-5 at 15.

---

Healthcare of Cal., Inc., 613 F. Supp. 2d 1199, 1205 (C.D. Cal. 2009) (plaintiff's contract-based claims were, in essence, claims for payment of benefits, and preempted by ERISA); Hyder v. Kemper Nat. Servs., Inc., 390 F. Supp. 2d 915, 919 (N.D. Cal. 2005) (same); cf. Kiedaisch v. Nike, Inc., 2004 DNH 038, 8 ("look[ing] beyond the complaint's characterization of plaintiff's claims and focus[ing] on precisely what plaintiff alleges" to determine whether wrongful termination claim was preempted by ERISA). Though ERISA preemption is not at issue here because the plan is provided by a governmental entity, see 29 U.S.C. § 1003(b)(1) (exempting "governmental plan" from ERISA); id. § 1002(32) (defining "governmental plan"), the court sees no reason not to apply parallel reasoning and consider the plaintiffs' claim, as circumscribed by the plaintiffs' factual allegations (that they were denied benefits to which they were entitled) and requested recovery (the benefits in question), to be a benefits claim.

Plaintiffs, without authority or further explanation, assert only that "[i]t is not possible for the limitations period to start running before [Gary] exhausted his administrative appeals," and so, "the period had not been exhausted before Gary filed the Complaint." Mem. in Support of Obj. to Mot. to Dismiss (document no. 10-1) at 4. As far as the court can tell, plaintiffs are alluding to the fact that, in the ERISA context, "[c]ourts have generally required participants to exhaust the plan's administrative remedies before filing suit to recover benefits." Heimeshoff, 134 S. Ct. at 608; see also id. at 610 ("[a] participant's cause of action . . . does not accrue until the plan issues a final denial," that is, after the participants have "exhaust[ed] internal review" processes.). Accordingly, plaintiffs appear to argue, the contractual limitations period could not begin to run until after Gary exhausted his administrative appeals, including an independent, external review of Harvard Pilgrim's decision, which he initiated on March 2, 2013.[6]

---

[6] At oral argument, the plaintiffs also argued that the plan document is internally ambiguous as to when the limitations period begins to run, regardless of any external review. Having failed to raise that argument in their memorandum, plaintiffs waived it. Iverson v. City Of Boston, 452 F.3d 94, 102-03 (1st Cir. 2006).

The complaint is, notably, silent about Gary's pursuit of this external review.  The plaintiffs asserted those facts, for the first time and without evidentiary support, in their objection to this motion.  See Mem. in Support of Obj. to Mot. to Dismiss (document no. 10-1) at 4.  The court, accordingly, may not consider those allegations in deciding defendants' motion to dismiss under Rule 12(b)(6).  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint").  Absent that factual wrinkle, the plaintiffs' complaint clearly falls outside the 2-year statute of limitations that they concede is applicable here.

Even were the court to consider the plaintiffs' allegations concerning the external review,[7] it would come to the same result.  Courts that have considered the issue generally conclude that, because plan participants are not required to participate in external reviews, plaintiffs need not exhaust that process before bringing suit.  See, e.g., Goldman v. BCBSM

---

[7]Though the plaintiffs failed to plead it, at oral argument, all parties agreed that Gary had, indeed, pursued an external review of Harvard Pilgrim's decision as alleged by the plaintiffs.  See Maloy v. Ballori-Lage, 744 F.3d 250, 251 (1st Cir. 2014) (regarding allegations made in affidavit as part of the pleadings absent any objection by defendant).

Found., 841 F. Supp. 2d 1021, 1026 (E.D. Mich. 2012) (administrative processes exhausted upon completing internal review because external review is not mandatory); Bailey v. Chevron Corp. Omnibus Health Care Plan, No. SACV 13-1366, 2014 WL 2219216, at *2 (C.D. Cal. May 7, 2014) (same); but see Casatelli v. Horizon Blue Cross Blue Shield of N.J., No. 2:09-CV-6101, 2010 WL 3724526, at *6 (D.N.J. Sept. 13, 2010) (plan's language rendered external review mandatory before judicial action). The language of Harvard Pilgrim's November 12, 2014 letter supports a similar conclusion here, as it informed plaintiffs that, if they disagreed with its decision, they "may have additional appeal rights," including an external review of that decision or pursuit of legal action, and that external review of Harvard Pilgrim's decision was only available "[u]nder certain circumstances." Document no. 7-5 at 15-16. The November 12, 2012 letter explicitly characterized the external review process that Gary pursued as "voluntary." See document no. 7-5 at 15 ("You may file a request for external review completing the enclosed form entitled 'Request for Voluntary Independent External Review' . . . ."). Whether or not plaintiffs chose to pursue further external review or litigation, the November 12, 2012 letter leaves room for no other interpretation than that it served as Harvard Pilgrim's final decision. The court accordingly concludes that the

limitations period began to run when the plaintiffs completed the internal review process, which is to say, no later than November 12, 2012.

"Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to 'sketch a factual predicate' that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate." [Trans-Spec Truck Serv., 524 F.3d at 320](#). That is the case here. The two-year limitations period began on November 12, 2012. The plaintiffs filed their complaint on February 18, 2015, more than two years later.[8] The complaint contains no factual allegations that would warrant tolling the limitations period or application of another limitations period. Plaintiffs' claim is, therefore, time-barred, and their complaint must be dismissed.[9]

---

[8]The court observes with some curiosity that the complaint and plaintiffs' verifications are dated September 4, 2014, which would be well within the two-year limitations' period even if it began to run, as defendants argue, on November 12, 2012. This suggests, at the very least, that two years was not an unreasonable period, insofar as it afforded the plaintiffs ample time to investigate and prepare their claim.

[9]Accordingly, the court need not and does not reach the question of whether the plaintiffs pled facts sufficient to state a claim for breach of the implied covenant of good faith and fair dealing.

## IV. Conclusion

Accordingly, defendants' motion to dismiss[10] plaintiffs' complaint is GRANTED. The clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: May 9, 2016

cc: Michael T. Pearson, Esq.
John-Mark Turner, Esq.

---

[10]Document no. 7.